IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>KAL FREIGHT INC., ET AL.,<br><br>　　　　　　　　　　　　Debtors.[1]<br><br>———<br><br>KAL FREIGHT INC., KAL TRAILERS & LEASING INC.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>RB REALTY INVESTMENTS, LLC;<br>SINKANDER SINGH RANDHAWA;<br>DHARMINDER SINGH RANDHAWA;<br><br>　　　　　　　　　　　　Defendants. | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 24-_____ |

**COMPLAINT TO:**
**(1) AVOID PREFERENTIAL TRANSFERS; (2) AVOID CONSTRUCTIVELY FRAUDULENT TRANSFERS, AND (3) RECOVER AVOIDED TRANSFERS**
**(11 U.S.C. §§ 544, 547, 548, 550)**

Plaintiffs, Kal Freight Inc. and Kal Trailers & Leasing Inc., (together, the "Plaintiffs"), debtors and debtors in possession, in the above-captioned cases (the "Bankruptcy Cases") pending under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), by and through their undersigned counsel, as and for their *Complaint To: (1) Avoid Preferential Transfers;*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

*(2) Avoid Constructively Fraudulent Transfers; and (3) Recover Avoided Transfers* (the "Complaint") against the above-captioned defendants, allege as follows:

## OVERVIEW OF CLAIMS FOR RELIEF

1. On December 5, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

2. This is an adversary proceeding brought pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure. It seeks to avoid and recover certain prepetition transfers of the Plaintiffs' interests in property as described herein.

3. This adversary proceeding is brought pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code and applicable state fraudulent conveyance law, to avoid the preferential, and/or constructively fraudulent transfer of Plaintiffs' properties to Defendants RB REALTY INVESTMENTS, LLC, a California Limited Liability Company, SIKANDER SINGH RANDHAWA, an individual, and DHARMINDER SINGH RANDHAWA, an individual (collectively, the "Defendants"), or for their benefit, and to recover the properties, or the value thereof for the benefit of the Debtors' estates.

## THE PARTIES

4. Plaintiff, KAL FREIGHT INC., ("Kal Freight"), a Texas corporation, is a transportation and logistics services company. which includes leasing, trailer and truck parts distribution. Kal Freight maintained facilities in Arlington, Texas and operated truck terminals across the United States including at 10156 Live Oak Avenue., Fontana, California.

5. Plaintiff, KAL TRAILERS & LEASING INC., ("Kal Trailers"), a California corporation, is a large distributor and retailer of major brand heavy-goods vehicles which were leased to independent owner-operators and small trucking companies. Kal Trailers conducted operations throughout the United States and was headquartered at 10156 Live Oak Avenue, Fontana, California.

6. Defendant, RB REALTY INVESTMENTS, LLC, is a California Limited Liability Company ("RB Investments"), with its principal address at 5076 Sagewood Drive, Rancho Cucamonga, California. Upon information and belief, RB Investments is a real estate holding company.

7. Defendant, SIKANDER SINGH RANDHAWA ("Sikander"), is an individual domiciled in the State of California and residing in Rancho Cucamonga, California. Upon information and belief, Sikander is the Chief Executive Officer and a managing member of Defendant, RB Investments. At all relevant times alleged herein, Sikander was a partner or shareholder of the Debtors, or otherwise exerted control, influence and dominion over the affairs of the Debtors.

8. Defendant, DHARMINDER SINGH RANDHAWA ("Dharminder"), is an individual domiciled in the State of California and residing in Rancho Cucamonga, California. Upon information and belief, Dharminder is a managing member of RB Investments. At all relevant times alleged herein, Dharminder was a partner, or shareholder of the Debtors, or otherwise exerted control, influence and dominion over the affairs of the Debtors.

9. Plaintiffs are informed and believe and thereon allege that at all relevant times herein, there existed a unity of interest in ownership between RB Investments and Sikander and/or Dharminder, such that the individuality and separateness between them ceased.

10. Plaintiffs are informed and believe and thereon allege that at all relevant times herein, RB Investments was the alter ego of Sikander and Dharminder, in that, among other things: (a) Sikander and Dharminder controlled, dominated, managed and operated RB Investments as their alter ego; (b) Sikander and Dharminder made all decisions pertaining to RB Investment; (c) RB Investments failed to comply with or observe the formalities of corporate formation and/or operation; (d) RB Investments was inadequately capitalized; and/or (e) the individuality of RB Investments should be disregarded in law and in equity pursuant to the doctrine of piercing the corporate veil.

## STANDING

11. The Debtors' Bankruptcy Cases are jointly administered for administrative purposes only. [Bankruptcy Case, Dkt. 28] The Debtors are authorized to continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12. On December 4, 2024, Bradley D. Sharp, of Development Specialists, Inc. was appointed as the Debtors' Chief Restructuring Officer ("CRO") and following the Petition Date, acts at the Direction of the Debtors' the Independent Directors as CRO for each of the Debtors.

13. As fiduciaries, Plaintiffs have the authority and responsibility to pursue claims which might increase the value of their estates, including to initiate causes of action. *See* 11 U.S.C. § 704(1).

## JURISDICTION AND VENUE

14. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

15. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

16. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

17. Plaintiffs affirm their consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**FACTS**

18. Kal Freight was founded in 2014 and is headquartered in the Inland Empire of Southern California as a transportation and logistics provider utilizing trucking and shipping services. In 2020, additional and related business lines were formed, including Kal Partz Inc. KVL Tires Inc., and Kal Trailers. The Debtors are owned by Kalvinder Singh and operated by Kalvinder Singh and Sukhvinder Singh (collectively, the "Singhs").

19. In or about 2020, Defendants Sikander and Dharminder Randhawa (together, the "Randhawas") entered into various business dealings with the Singhs and the Debtors. The Randhawas undertook various roles at the Debtors, including running certain of their operations, overseeing sales, leasing, and other aspects of their business. The Randhawas were regularly present at the offices of the Debtors, interacted with the Debtors' employees in a supervisory role, and traveled to various of the Debtors' facilities in the United States and in Canada to conduct business on their behalf. The Randhawas were involved with acquiring and selling assets for the Debtors and generally held themselves out as authorized representatives of the Debtors. The Randhawas transacted business on the Debtors' behalf, maintained offices at the Debtors' locations, and conducted business using the Debtors' credit cards.

20. At all times alleged herein, the Randhawas asserted and held themselves out as general partners, shareholders, or otherwise owners of the Debtors.

21.     In 2024, a dispute arose between the Singhs and Randhawas. The Randhawas claimed that as owners of the Debtors, the Singhs had breached their fiduciary duties, misrepresented material facts, failed to make regular distributions to the Randhawas, as well as committed various other improprieties with the Debtors' operations.

22.     On May 16, 2024, the Randhawas and the Singhs (the "Settling Parties"), entered into a Settlement Agreement and Mutual General Release (the "Settlement Agreement") wherein they expressed their intent to resolve their differences and claimed ownership in the Debtors. Indeed, the Settlement Agreement recited that the parties' dispute had arisen with respect to the ownership interests of the Debtors. The Settlement Agreement memorialized that, in consideration of the settlement, various assets of the Debtors, including title to at least two parcels of real property owned by Kal Freight, would be conveyed away from the Debtors and into the ownership of Defendant RB Investments, an entity owned by, and expressly made for the benefit of, the Defendants. In addition, certain personal property owned by the Debtors would be transferred to the Randhawas. The Settlement Agreement identified the Debtors as nominal parties.

23.     Notwithstanding the execution of the Settlement Agreement and the transfer of certain of the Debtors' assets, the dispute was still pending as of the Petition Date.

A.      **The Transfers**

24.     During the one-year period prior to the Petition Date, the Debtors transferred real property to or for the benefit of the Defendants, valued at approximately $6,500,000.00, as identified in particular on **Exhibit A**, which is incorporated herein by reference (the "One Year Transfer").

25.     During the two-year period prior to the Petition Date, the Debtors, as specifically identified, transferred property to or for the benefit of Defendants in an amount not less than

$1,700,000, as identified in particular on **Exhibit B**, which is incorporated herein by reference (the "Two Year Transfer") (collectively, the One Year Transfer, and the Two Year Transfer are referred to herein as the "Transfers").

### FIRST CLAIM FOR RELIEF

### (For Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

26. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

27. During one year prior to the Petition Date, each of the Randhawas was an "insider" of one or more of the Debtors as that term is defined in the Bankruptcy Code.

28. The One Year Transfer identified on **Exhibit A** hereto, was made to, or for the benefit of, the Defendants.

29. The One Year Transfer was made for or on account of an antecedent debt (or debts) owed by one or more of the Debtors before such preferential transfers were made. Specifically, the Settlement Agreement, and the various documents executed as a part thereof, created claims, obligations and rights to payment.

30. The One Year Transfer was made while each of the Defendants was an insider of the Debtors.

31. The One Year Transfer was made while the Debtors were insolvent.

32. The One Year Transfer enabled the Defendants to receive more than the Defendants would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) the Defendants received payment on account of the debt in accordance with the provisions of the Bankruptcy Code.

33. The One Year Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Constructively Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))**

34. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

35. The Debtors did not receive fair consideration and/or did not receive reasonably equivalent value in exchange for the One Year Transfer as set forth in **Exhibit A** attached hereto, and the Two Year Transfer, as set forth in **Exhibit B** attached hereto.

36. Plaintiffs are informed and believe that at the time that each of the One Year and the Two Year Transfer was made, the Debtors, and each of them (a) were insolvent on the date of the Settlement Agreement, transfer and/or the recordation date of the grant deed, or became insolvent as a result of the Settlement Agreement, transfer and/or the recordation date of the grant deed, (b) were engaged or were about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction, or (c) intended to incur, or reasonably should have believed that it would incur, debts beyond their ability to pay as they came due.

37. Accordingly, each of the One Year Transfer and Two Year Transfer is avoidable, and should be avoided, as constructively fraudulent pursuant to federal law as set forth in section 548(a)(1)(B) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

### (Avoidance of Constructively Fraudulent Transfer Pursuant to 11 U.S.C. § 544(b) and State Law, including Sections 3439.04(a)(2) and 3439.05 of the California Civil Code)

38. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

39. Plaintiffs are informed and believe, and, based thereon allege, that there is at least one creditor of the Debtors holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code, or that is not allowable only under section 502(e) of the Bankruptcy Code, and thus the Court may avoid the One Year Transfer and the Two Year Transfer.

40. The Debtors did not receive fair consideration and/or did not receive reasonably equivalent value in exchange for each of the One Year Transfer and the Two Year Transfers.

41. Plaintiffs are informed and believe that at the time of each of the One Year Transfer and the Two Year Transfer was made, the Debtors, and each of them (a) were insolvent on the date of the Transfer or became insolvent as a result of the Transfer, (b) were engaged or were about to be engaged in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction, or (c) intended to incur, or reasonably should have believed that they would incur, debts beyond their ability to pay as they came due.

42. Accordingly, each of the One Year and the Two Year Transfer is avoidable and should be avoided as constructively fraudulent pursuant to section 544 of the Bankruptcy Code and state law pursuant to California Civil Code §§ 3439.04(a)(2) and 3439.05.

## FOURTH CLAIM FOR RELIEF

### (Recovery of Transfers Pursuant to 11 U.S.C. § 550, State Law and Cal. Civil Code § 3439.07)

43. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

44. Having avoided the Transfers, the Plaintiffs are entitled to recover from the Defendants the properties transferred or the value thereof, pursuant to section 550 of the Bankruptcy Code, Cal. Civil Code § 3439.07, and applicable state law.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

45. For a determination that each One Year Transfer identified in **Exhibit A**, is avoided under sections 544 and 547 of the Bankruptcy Code, and that Plaintiffs are entitled to avoid and recover the One Year Transfer under sections 550 and 551 of the Bankruptcy Code;

46. For a determination that the One Year and Two Year Transfer identified in **Exhibit A** and **Exhibit B**, is avoidable as a constructively fraudulent transfer under section 548 of the Bankruptcy Code and that Plaintiffs are entitled to recover those transfers under section 550 of the Bankruptcy Code, and such real properties be declared to be property of the Debtors' estate;

47. For a determination that the One Year Transfer and the Two Year Transfer, identified in **Exhibit A** and **Exhibit B**, are avoided as constructively fraudulent transfers pursuant to sections 544 of the Bankruptcy Code and California Civil Code §§ 3439.04(a)(2) and 3439.05, or applicable state law, and that the Plaintiffs are entitled to recover those transfers pursuant to Cal. Civil Code § 3439.07, and such real properties be declared to be property of the Debtors' estates;

48. Awarding to the Plaintiffs the costs of suit incurred herein, including pre- and post-judgment interest; and

49. For such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: February 11, 2025 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>/s/ *Teddy M. Kapur*<br>Teddy M. Kapur (SBT 24046186)<br>Steven W. Golden (SBT 24099681)<br>Benjamin L. Wallen (SBT 24102623)<br>700 Louisiana Street, Suite 4500<br>Houston, TX 77002<br>Telephone: (713) 691-9385<br>Facsimile: (713) 691-9407<br>tkapur@pszjlaw.com<br>sgolden@pszjlaw.com<br>bwallen@pszjlaw.com<br><br>-and-<br><br>Richard M. Pachulski (admitted *pro hac vice*)<br>Jeffrey W. Dulberg (admitted *pro hac vice*)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br><br>*Counsel to Plaintiffs and the Debtors and Debtors in Possession* |