IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KAL FREIGHT INC., *et al.,* | ) ) ) | Case No. 24-90614 (CML) |
| Debtors.[1] | ) ) ) | Jointly Administered |
| KAL FREIGHT INC., KAL TRAILERS & LEASING INC., | ) ) ) ) | Adversary Proceeding No. 25-03048 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| RB REALTY INVESTMENTS, LLC; SIKANDER SINGH RANDHAWA; DHARMINDER SINGH RANDHAWA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

Defendants RB Realty Investments, LLC, Sikander Singh Randhawa, and Dharminder Singh Randhawa (together, the "**Defendants**"), by and through their undersigned counsel, respectfully submit this motion (the "**Motion**") to dismiss Plaintiffs KAL Freight Inc. and KAL Trailers & Leasing Inc.'s (together, the "**Plaintiffs**") complaint (the "**Complaint**" or "**Compl.**") in the above-captioned matter pursuant to Federal Rule of Civil Procedure ("**Rule**") 12(b)(6) and, in support thereof, state the matters set forth below.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

## PRELIMINARY STATEMENT[2]

Plaintiffs' Complaint should be dismissed under Rule 12(b)(6). The Complaint contains only six paragraphs of factual allegations to support its four claims for relief. In those paragraphs, Plaintiffs present the Court with a threadbare recitation of the elements of their claims, which are supported by nothing more than pronouncements of legal conclusions. As explained in more detail below, Plaintiffs fail to satisfy their pleading burden under established case law and Rule 8, and, with respect to one of the challenged transfers, Plaintiffs' claims are completely foreclosed by documents referenced in the Complaint.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. *Credos Indus. Supplies v. Targa Pipeline Mid-Continent Westtex, L.L.C. (In re KP Eng'g, L.P.)*, 63 F.4th 452, 455 (5th Cir. 2023). First, while the Court "must accept as true all of the allegations contained in a complaint," that "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Such recitals "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, the Court "consider[s] the factual

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings given to them in the Complaint.

2

allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.

Further, "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of' entitlement to relief." *Id*. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Rule 8(a)(2)).

A complaint must consist of more than "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, "the plaintiff must plead enough facts to nudge the claims across the line from conceivable to plausible." *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (internal quotation marks, brackets, and ellipses omitted) (quoting *Iqbal*, 556 U.S. at 680). "The question therefore is whether, in light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *See Gregson v. Zurich American Ins. Co.*, 322 F.3d 883(5th Cir. 2003) (citation omitted).

## ARGUMENT

**I.     Plaintiffs' Complaint fails to state a claim for avoidance of preferential transfers under 11 U.S.C. § 547.**

Section 547(b) of the Bankruptcy Code allows a debtor to avoid a transfer of the debtor's property that was: (i) made to or for the benefit of a creditor; (ii) for or on account of an antecedent debt owed by the debtor before the transfer was made; (iii) made while the debtor was insolvent; (iv) made within 90 days before the filing of the petition, or 1-year before the filing of the petition if the defendant was an insider; and (v) made such that the creditor received more than it would

3

have received under other prescribed circumstances. 11 U.S.C. § 547. Plaintiffs fail to plead facts sufficient to state a claim for preferential transfer, and this claim should be dismissed.

    a.  <u>Plaintiffs fail to allege a transfer of the Debtors' property.</u>

To establish a preferential transfer claim, a plaintiff must allege facts sufficient to show that the subject of the challenged transfer was property of a debtor. *Id.* In Paragraph 22 of the Complaint, Plaintiffs allege the existence of a Settlement Agreement under which "various assets of the Debtors, including title to at least two parcels of real property owned by Kal Freight" and "certain personal property owned by the Debtors," would be transferred to the Randhawas. Plaintiffs include no such Settlement Agreement in their pleadings and provide no further information to explain its contents.

Beyond this bald assertion of ownership, Plaintiffs provide no further factual detail regarding the Debtors' ownership of such property. Plaintiffs' direct recitation of the element of ownership fails to satisfy Rule 8. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Outside the body of the Complaint, Plaintiffs include Exhibit A, which identifies the property at issue in the challenged transfers and provides the following information in its entirety:

In re:
Kal Freight Inc., et al. (Transfers) [EXHIBIT A]

| Debtor Transferor | Transferee | Instrument # | Address | APN | Date | Approx. Value |
|---|---|---|---|---|---|---|
| The One Year Transfer | | | 12/5/2023- 12/5/2024 | | | |
| Kal Freight Inc. | Sikander Randhawa; Dharminder Randhawa; RB Realty Investments LLC | 2024-0230587, County of Riverside | 0 Hemlock Avenue Moreno Valley, CA; | 488-310-001 | 8/1/2024 | $3.0M |
| Kal Freight Inc. | Sikander Randhawa; Dharminder Randhawa; RB Realty Investments LLC | | 13461 State Route 96 Fort Valley, GA 31030; | Parcels Id 050D 014; 050D 024; 050D 025; 050D 026; 050D 027 | 9/03/2024 | $3.5M |

Notably, this chart does nothing to rectify Plaintiffs' deficient pleading of ownership. As Chief Bankruptcy Judge Gargotta of the Western District of Texas has noted, "[s]imply including an exhibit of transactions that includes the Debtor's name in a 'Paid By' column puts a defendant on no more notice than merely reciting the element." *Arete Creditors Litig. Trust v. TriCounty Fam. Med. Care Grp., LLC*, 2022 Bankr. LEXIS 322, *23–24 (W.D. Tex. Bankr. Feb. 7, 2022) (holding that despite including a similar chart, plaintiff "did not sufficiently plead a transfer of the Debtor's interest in property"). Because Plaintiffs fail to plead facts sufficient to show Debtors' ownership of the property at issue in the challenged transfer, this preferential transfer claim should be dismissed.

    b. <u>Plaintiffs fail to allege insolvency.</u>

To establish a preferential transfer claim, a plaintiff must allege facts sufficient to show that the challenged transfer was made while the debtor was insolvent. 11 U.S.C. § 547. Insolvency is a "financial condition such that the sum of [the] entity's debts is greater than all of [its] property, at a fair valuation[.]" 11 U.S.C. § 101(32). Courts refer to this as the "balance sheet test." *In re*

*Brentwood Lexford Partners, LLC*, 292 B.R. 255, 268 (Bankr. N.D. Tex. 2003). Courts employ a two-step analysis to conduct the balance sheet test. *Id.* The first step is for the court to determine if debtor was a "going concern" or, put differently, if the debtor was "on its deathbed." The second step is for the court to value debtor's assets, based on the status determined by the first step of the analysis. *Id.* If a debtor is a "going concern," the court will "determine the fair market price of the debtor's assets as if they had been sold as a unit, in a prudent manner, and within a reasonable time." *Id.* Accordingly, the Fifth Circuit has opined that the fair value of property can be determined "by estimating what the debtor's assets would realize if sold in a prudent manner in current market conditions." *Brentwood Lexford,* 292 B.R. at 268 (citations omitted).

Here, Plaintiffs fail to plead that the Debtors' debts exceeded the value of the Debtors' property at the time of the transfers, or to otherwise provide the Court with any meaningful information from which it could reasonably infer such information. The Complaint contains only a bare recitation of a legal conclusion to support the element of insolvency. Specifically, Paragraph 31 of the Complaint states: "The One Year Transfer was made while the Debtors were insolvent." Plaintiffs, therefore, fail to sufficiently plead insolvency under Rule 8. As two of the Debtors in these chapter 11 cases, Plaintiffs know and possess facts sufficient to plead insolvency but did not do so. Because Plaintiffs have failed to plead the necessary element of insolvency, this preferential transfer claim should be dismissed.

      c. <u>Plaintiffs fail to allege a preferential transfer within the applicable challenge period.</u>

Section 547(b) of the Bankruptcy Code provides two different challenge periods for preferential transfers based on the status of the creditor receiving preferential treatment. If the creditor is an insider, the preference period is one year before filing the petition. 11 U.S.C.

§ 547(b)(4)(B). If the creditor is not an insider, the preference period is only 90 days before filing. 11 U.S.C. § 547(b)(4)(A).

Here, Plaintiffs allege that the preference period is one year – between December 4, 2023, to December 4, 2024 – because the Randhawas are allegedly insiders. Compl. at ¶¶ 12, 27. But Plaintiffs fail to provide any specific factual allegations to explain the Randhawas' "insider" status beyond mere recitation of claim elements and *ipse dixit* legal conclusions. Neither is sufficient to satisfy Rule 8. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555).

Plaintiffs twice conclude that the Randhawas were insiders. Compl. ¶ 27 ("During one year prior to the Petition Date, each of the Randhawas was an 'insider' of one or more of the Debtors as that term is defined in the Bankruptcy Code."), and ¶ 30 ("The One Year Transfer was made while each of the Defendants was an insider of the Debtors."). This direct recitation of the "insider" claim element is insufficient to state a claim as a matter of law. *Iqbal*, 556 U.S. at 678.

Likewise, in Paragraphs 7 and 8 of the Complaint, Plaintiffs allege that each of the Randhawas "was a partner or shareholder of the Debtors, or otherwise exerted control, influence and dominion over the affairs of the Debtors." Compl. ¶¶ 7–8. These alleged designations are simply a partial recitation of the Bankruptcy Code's definition of "insider" and are insufficient to state a claim under Rule 8. *Compare with* 11 U.S.C. § 101(31)(B) (defining an "insider" of a corporation as a "partner," or "person in control of the debtor."). And the undetailed enumeration of synonyms for the legal elements of a claim is no substitute for providing factual allegations in support of each one. *Iqbal*, 556 U.S. at 678 ("A complaint must consist of more than 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557).

Beyond that, Plaintiffs' allegation that the Randhawas were "shareholders . . . of the Debtors" is, without more, insufficient to establish the Randhawas' alleged status as insiders. The Complaint does not specify the degree of alleged shareholding held by the Randhawas or even whether such alleged shareholding carries voting rights. And in any event, the Randhawas are individuals, not "entities" such that a specified degree of minority shareholding would make them "affiliate" insiders under the Bankruptcy Code. 11 U.S.C. § 101(2)(A) (defining "affiliate" as an "entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor"). This non-specific allegation of the Randhawas' status as "shareholders" does not satisfy Rule 8. *Iqbal*, 556 U.S. at 678.

For these reasons, Plaintiffs fail to establish that the Randhawas are insiders. Therefore, even assuming that Plaintiffs sufficiently established each of the remaining elements of a preferential transfer claim (they do not), the applicable lookback period is limited to the default rule of 90 days under 11 U.S.C. § 547(b)(4)(A). Because no portion of the One Year Transfer described in the Complaint occurred within 90 days of the Petition Date (i.e., on or after September 4, 2024), Plaintiffs have failed to allege a transfer within the applicable lookback period, and this preferential transfer claim should be dismissed.

       d. <u>Plaintiffs fail to allege that Defendants received greater value than permitted.</u>

Section 547(b)(5) of the Bankruptcy Code requires that the challenged transfer was made such that the "creditor received more than such creditor would have received if: (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

Plaintiffs fail to plead any facts to support this element and instead rely on a nearly verbatim recitation of Section 547(b)(5). Specifically, that: "The One Year Transfer enabled the Defendants

8

to receive more than the Defendants would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code, (ii) the transfers and/or payments had not been made; and (iii) the Defendants received payment on account of the debt in accordance with the provisions of the Bankruptcy Code." Compl. ¶ 32. Such "[t]hreadbare recitals of the elements of a cause of action" do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiffs have failed to plead the necessary value element described in Section 547(b)(5), this preferential transfer claim should be dismissed.

II. **Plaintiffs' Complaint fails to state a claim for avoidance of constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B)**

Plaintiffs' second claim seeks to avoid both the One Year Transfer and the Two Year Transfer as constructive fraudulent transfers under Section 548 of the Bankruptcy Code. As set forth in detail below, Plaintiffs fail to plead facts sufficient to state a constructive fraudulent transfer claim, and this claim should be dismissed.

To state a claim for relief under Section 548's constructive fraud provision, Plaintiffs must plead that: (i) a transfer was made of the Debtors' property; (ii) the transfer was made within two years of the petition date; and (iii) the Debtors received less than reasonably equivalent value in exchange for such transfer. *See* 11 U.S.C. § 548(a)(1)(B)(i); *see also In re Advanced Modular Power Sys., Inc.*, 413 B.R. 643, 674 (Bankr. S. D. Tex. 2009).

Plaintiffs must further plead a fourth element – insolvency – but may do so by pleading one of four alternatives: that the Debtors (a) were insolvent at the time the transaction was made or the obligation incurred; (b) were engaged in business or a transaction for which any property remaining with the Debtors was unreasonably small capital; (c) intended to incur, or believed they would incur, debts beyond the debtors' ability to pay; or (d) made such transfer or incurred such

9

obligation to benefit an insider under an employment contract and not in the ordinary course of business. *See* 11 U.S.C. § 548(a)(1)(B)(ii)(I)-(IV).

        a. <u>Plaintiffs fail to allege a transfer of the Debtors' property.</u>

To successfully plead a constructive fraudulent transfer claim under Section 548 of the Bankruptcy code, a plaintiff must allege facts sufficient to show that the subject of the challenged transfer was property of a debtor. As explained above in Section I(a), Plaintiffs fail to allege facts sufficient to show Debtors' ownership of the property described in the Complaint and associated Exhibits as the One Year Transfer. Instead, Plaintiffs provide the Court with flat declarations of the Debtors' Ownership. *See* Compl. ¶ 22 (asserting the legal conclusion of ownership with no factual support); *id.* at Ex. A (asserting the legal conclusion of ownership by listing certain Debtors as transferors of certain properties). These are nothing more than "naked assertion[s] devoid of further factual enhancement," which are insufficient to satisfy Rule 8. *Iqbal*, 556 U.S. at 678.

Plaintiffs' attempt to challenge the Two Year Transfer fares no better. As with the One Year Transfer, the only allegations contained within the body of the Complaint are in Paragraph 22, which fails to satisfy Rule 8. *See* Section I(a), *supra*. Beyond the body of the Complaint, Plaintiffs include Exhibit B, which identifies the properties comprising the Two Year Transfer and provides the following information in its entirety:

| Debtor Transferor | Transferee | Instrument #/; Acct# | Description | Date | Approx. Value |
|---|---|---|---|---|---|
| **The Two Year Transfer** | | | 12/5/2022- 12/5/2024 | | |
| Kal Trailers & Leasing Inc. | Sikander Randhawa; Dharminder Randhawa | 2024-0005421 | 5815 Etiwanda Avenue Rancho Cucamonga, CA 91739; APN 0225-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. | 1/5/2024 | $1.7M |
| Kal Trailers & Leasing Inc. | Dharminder Singh Randhawa | W1K6G7GB XPA184962 | 2023 Mercedes-Benz S580V4 | 8/16/2024 | $100,000 |

*In re:*
*Kal Freight Inc., et al. (Transfers) [EXHIBIT B]*

(Case 25-03048   Document 1-2   Filed in TXSB on 02/11/25   Page 2 of 2)

Like Exhibit A, this chart fails to rectify Plaintiffs' deficient pleading of ownership and does no more than mirror a recitation of the ownership element. *Arete Creditors Litig. Trust v. TriCounty Fam. Med. Care Grp., LLC*, 2022 Bankr. LEXIS 322, *23–24 (W.D. Tex. Bankr. Feb. 7, 2022) (Chief Judge Gargotta) ("The [plaintiff] cannot meet its pleading burden simply by including a chart with a column stating the transfers were paid by [the debtor] because including the [d]ebtor's name in a 'Paid by' column does no more than mirror the element."). Because Plaintiffs fail to plead facts sufficient to show Debtors' ownership of the property at issue in either of the challenged transfers, this constructive fraudulent transfer claim should be dismissed.

      b.  <u>Plaintiffs fail to allege that Debtors received less than reasonably equivalent value.</u>

To successfully plead a constructive fraudulent transfer claim under Section 548 of the Bankruptcy Code, a plaintiff must allege facts sufficient to show that the debtors received less than a reasonably equivalent value in exchange for the transferred properties. But Plaintiffs fail to plead any facts whatsoever regarding the consideration provided by Defendants in connection with either challenged transfer.

The Complaint states only that: "The Debtors did not receive fair consideration and/or did not receive reasonably equivalent value in exchange for the One Year Transfer as set forth in Exhibit A attached hereto, and the Two Year Transfer, as set forth in Exhibit B hereto." Compl. ¶ 35. This sentence promises that Exhibits A and B will provide further factual detail to support its conclusory allegation. But neither exhibit contains any information whatsoever regarding the consideration provided by Defendants in connection with either challenged transfer. Plaintiffs, therefore, leave the Court with nothing but a "naked assertion devoid of further factual enhancement," which is insufficient to satisfy Rule 8. *Iqbal*, 556 U.S. at 678. Because Plaintiffs fail to plead facts sufficient to show that Debtors received less than reasonably equivalent value in exchange for either of the challenged transfers, this constructive fraudulent transfer claim should be dismissed.

    c. <u>Plaintiffs fail to allege insolvency.</u>

As explained above in the Section 547 insolvency analysis, Plaintiffs fail to plead insolvency. Although Section 548 provides alternative means of establishing insolvency, Plaintiffs do not provide the Court with any meaningful information from which it could reasonably infer such information, and instead resort to declaring the Debtors' insolvency as a legal conclusion that recites the elements of 11 U.S.C. § 548(a)(1)(B)(ii)(I)-(III):

> Plaintiffs are informed and believe that at the time that each of the One Year and the Two Year Transfer[s] was made, the Debtors, and each of them (a) were insolvent on the date of the Settlement Agreement, transfer and/or the recordation date of the grant deed, (b) were engaged or were about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction, or (c) intended to incur, or reasonably should have believed that it would incur, debts beyond their ability to pay as they came due.

Compl. ¶ 36.

This recitation of elements raises far more questions than it provides answers,[3] and is an impermissible conclusory allegation. Because the Complaint lacks a sufficient factual allegation to satisfy Rule 8 with respect to insolvency, this claim should be dismissed.

### III. Plaintiffs' Complaint fails to state a claim for avoidance of constructive fraudulent transfers under 11 U.S.C. § 544(b) and California state law.

a. <u>Plaintiffs fail to plead a claim under Section 544(b) of the Bankruptcy Code.</u>

The applicable state law for Plaintiffs' claim under Section 544(b) of the Bankruptcy Code is California Civil Code §§ 3439.04(a)(2) and 3439.05. "These state statutes are essentially identical to § 548(a)(1)(B)," which is discussed in Section II above. *Golden v. Clay Lacy Aviation, Inc.* (*In re Aletheia Research & Mgmt.*), No. CC-15-1081-KiTaKu, 2015 Bankr. LEXIS 4145, at *16 (B.A.P. 9th Cir. Dec. 10, 2015). Defendants will address each provision of the California Civil Code in turn but incorporate the arguments in Section II above herein by reference.

b. <u>Plaintiffs fail to plead a claim under Cal. Civil Code § 3439.04(a)(2).</u>

Under Section 3439.04(a)(2) of the California Civil Code, constructive fraud may be found as to any present or future creditor when a debtor does not receive a reasonably equivalent value in exchange for a transfer of the debtor's property, and the debtor either: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; (B) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay

---

[3] For example, Plaintiffs describe "the recordation date of the grant deed" without providing any information from which Defendants can determine such date. Plaintiffs then describe Debtors' engagement in a "business or transaction" for which "remaining assets were unreasonably small" without providing any information as to the nature of such business or transaction or describing Debtors' assets remaining after the challenged transfers. Plaintiffs also describe an intent or constructive belief that Debtors would incur "debts beyond their ability to pay as they came due," but provide no information concerning the debts, the circumstances giving rise to Debtors' alleged mental state, or Debtors' ability to pay such debts when they came due.

13

as they became due. Plaintiffs' failure to plead these essential elements of Plaintiffs' claim under California Civil Code § 3439.04(a)(2) warrants dismissal of this claim.

As explained in Section II(a), Plaintiffs fail to plead ownership of the property at issue in the challenged transfers. Plaintiffs also fail to sufficiently allege that Debtors received less than equivalent value in exchange for the One Year Transfer or the Two Year Transfer. *See* Section II(b), *supra*, and III(c), *infra*. Plaintiffs also fail to plead insolvency as described above in Sections I(b) and II(c), leaving the Court with no factual allegations beyond bare recitations of the claim elements. Because Plaintiffs fail to adequately plead the essential elements of a claim under California Civil Code § 3439.04(a)(2), the Court should dismiss this claim.

    c. <u>Plaintiffs fail to plead a claim under Cal. Civil Code § 3439.05.</u>

"The two requirements of a claim under California Civil Code, § 3439.05 are that the transfer was made without receiving reasonably equivalent value, and the debtor was either insolvent or became insolvent as a result of the transfer." *In re Prototype Eng'g & Mfg.*, 2:19-ap-01332-RK, 2019 Bankr. LEXIS 4036, at *8 (Bankr. C.D. Cal. Dec. 12, 2019) (citing California Civil Code § 3439.05(a)). As explained above in Section II(b), Plaintiffs fail to even mention whether any consideration was provided by Defendants in connection with the challenged transfers. The same is true for claims arising under California Civil Code § 3439.05. *Perez v. Bui (In re Tenerio)*, BAP No. CC-17-1102, 2018 Bankr. LEXIS 456) (9th Cir. BAP 2018) (pleading sufficient where plaintiff alleged that "the debtor received no consideration in the transfer and therefore did not receive reasonably equivalent value").

Consistent with the Bankruptcy Code's definition of "insolvent," California Civil Code § 3439.02(a) states that "[a] debtor is insolvent if, at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets." This is consistent with the Bankruptcy Code's

definition of "insolvent" in Section 101(32). "Thus, both federal and state law agree that, under the 'balance sheet' test, a debtor is insolvent when its liabilities exceed its assets." *Sierra Steel, Inc. v. Totten Tubes, Inc.* (*In re Sierra Steel, Inc.*), 96 B.R. 275, 277 (9th Cir. BAP 1989) (comparing California Civil Code to Bankruptcy Code).

As explained above in Sections I(b) and II(c), Plaintiffs' Complaint contains no factual allegations to support its bald assertion of insolvency. This is in stark contrast to the holdings of several bankruptcy courts concerning the pleading standard for claims under Section 3439.05 of California's Civil Code, which have consistently required some degree of factual support underlying a plaintiff's assertion of insolvency. *See, e.g., In re Prototype Eng'g & Mfg.*, 2019 Bankr. LEXIS 4036, at *11 (plaintiff's allegation that "upon review, the books and records of Debtor show that Debtor was insolvent at least by September 2013" because "books of account are likely to be probative of [debtor's] balance sheet solvency or insolvency"); *Beskrone v. OpenGate Capital Grp.* (*In re Pennysaver USA Publ'g, LLC*), 587 B.R. 445, 459 (Bankr. D. Del. 2018) (Sontchi, J.) (plaintiff's specific description of "the Debtors' declining financial performance and [increasing] loan obligation" provided sufficient factual support for an assertion of insolvency); *In re AWTR Liquidation, Inc.*, 548 B.R. 300 (Bankr. C.D. Cal. 2016) (allegations that debtors were "having liquidity problems" and were "in need of cash" provided sufficient factual support for an assertion of insolvency).

Because Plaintiffs fail to adequately plead the elements of reasonably equivalent value and insolvency as required under California Civil Code § 3439.05, this claim should be dismissed.

    d.  <u>Plaintiffs fail to specify the bases for a claim under California state law.</u>

Beyond the enumerated provisions of California Civil Code §§ 3439.04 and 3439.05, Plaintiffs do not identify any basis for avoiding the One Year Transfer or the Two Year Transfer

15

under California state law. To the extent Plaintiffs seek to save their deficient claim by a general reference to California state law, such a tactic is unavailing. *See Johnson v. Aurora Loan Servs.*, No. H-15-755, 2015 U.S. Dist. LEXIS 110688, at *11 (S.D. Tex. Aug. 21, 2015) ("The court should not have to guess under what of many possible theories the plaintiff seeks recovery, nor consider every conceivable claim to see if the plaintiff has pled facts to support the elements of the possible claim. To do so is to carry plaintiff's burden to plead facts that state a claim upon which relief could be granted."). As set forth above, this claim should be dismissed.

IV. **Plaintiffs' Complaint fails to state a claim for recovery of transfers under 11 U.S.C. § 550 or California state law.**

Under either Section 550 of the Bankruptcy Code or Section 3439.07 of the California Civil Code, a plaintiff may recover the property or value of the property transferred in connection with an avoided transfer. In other words, the plaintiff must first prove a predicate avoidance action to recover under either provision. *See* 11 U.S.C. § 550(a); Cal. Civ. Code § 3439.07. Because Plaintiffs have failed to sufficiently plead a predicate avoidance action, Plaintiffs cannot sufficiently plead a claim for recovery under Section 550 of the Bankruptcy Code or Section 3439.07 of the California Civil Code, and this claim should be dismissed.

V. **Plaintiffs improperly challenge a transfer of non-Debtor property.**

Plaintiffs' challenges to the Two Year Transfer in their second, third, and fourth claims fail to allege a transfer of the Debtors' property – a required element of each claim. Compl. ¶¶ 35, 39, and 46; *see* Sections II – IV, *supra*. As alleged, the Two Year Transfer includes a parcel of real property located at 5815 Etiwanda Avenue in Rancho Cucamonga, California (the "**Rancho Cucamonga Property**"), which Plaintiffs state was transferred under a grant deed bearing instrument no. "2024-0005421" (the "**Grant Deed**"). Compl. at Ex. B.

Plaintiffs do not attach the Grant Deed to their Complaint, but the Court may consider it in its analysis of this Motion to Dismiss because it is referenced in the Complaint and central to their challenge to the Two Year Transfer. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) ("the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'").

On its face, the Grant Deed conclusively establishes that the Rancho Cucamonga Property was not transferred or owned by the Debtors. *See* Grant Deed No. 2024-0005421, attached hereto as **Exhibit A**, at 2 (describing the property as Kalvinder Singh's "Sole and Separate Property"). Kalvinder Singh is not a debtor in these chapter 11 cases, and Plaintiffs therefore cannot seek to avoid the transfer of the Rancho Cucamonga Property through the second, third, and fourth claims for relief. Because Plaintiffs cannot cure this defect, these claims should be dismissed with prejudice to the extent they challenge the transfer of the Rancho Cucamonga Property.

## CONCLUSION

Based on the foregoing, Plaintiffs' Complaint should be dismissed in its entirety.

DATED: April 14, 2025

Respectfully submitted,

**PAUL HASTINGS LLP**

By: */s/ Paul R. Genender*
    Paul R. Genender (SBT 00790758)
    Charles Persons (SBT 24060413)
    2001 Ross Avenue, Suite 2700
    Dallas, Texas 75201
    Telephone: (972) 936-7500
    Facsimile: (713) 936-7501
    paulgenender@paulhastings.com
    charlespersons@paulhastings.com

-and-

Brian J. Kay (SBT 24131427)
600 Travis, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
briankay@paulhastings.com

*Counsel to Defendants*

### Certificate of Service

I certify that on April 14, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties who have consented to electronic service.

    */s/ Paul R. Genender*
    Paul R. Genender