IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>KAL FREIGHT INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 24-90614 (CML) |
| KAL FREIGHT INC., KAL TRAILERS & LEASING INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>RB REALTY INVESTMENTS, LLC; SIKANDER SINGH RANDHAWA; DHARMINDER SINGH RANDHAWA,<br><br>        Defendants. | Adv. Proc. No. 25-03048 |

**FOURTH JOINT STIPULATION AND AGREED ORDER EXTENDING TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS; AND AGREEMENT TO MEDIATE**

The KAL GUC Liquidating Trust (the "Liquidating Trust"), as successor to the Causes of Action[2] asserted by the Plaintiffs in the above-captioned adversary proceeding, and Defendants RB Realty Investments, LLC, Sikander Singh Randhawa, and Dharminder Singh Randhawa (collectively, "Defendants" and together with the Liquidating Trust, the "Parties"), by and through the undersigned counsel, hereby enter this Stipulation and agree as follows:

---

[1] The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320).

[2] Capitalized terms that are not defined in this Stipulation shall have the meanings ascribed to them in the confirmed *Modified Fourth Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1023, Exhibit A] (together with all exhibits, supplements, and schedules thereto, the "Plan"), as confirmed by the Court's *Order Granting Final Approval of Disclosure Statement and Confirming Plan of Liquidation of Kal Freight Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1023] (the "Confirmation Order"), unless otherwise noted herein.

**WHEREAS**, on February 11, 2025, Plaintiffs Kal Freight Inc. and Kal Trailers & Leasing Inc. commenced this adversary proceeding against Defendants with the filing of their *Complaint to: (1) Avoid Preferential Transfers; (2) Avoid Constructively Fraudulent Transfers, and (3) Recover Avoided Transfers* [Adv. Dkt. No. 1] (the "Complaint").

**WHEREAS**, on April 14, 2025, Defendants filed their *Motion to Dismiss Plaintiffs' Original Complaint* [Adv. Dkt. No. 8] (the "Motion to Dismiss").

**WHEREAS**, on April 17, 2025, the Court entered the Confirmation Order confirming the Debtors' Plan. The Effective Date of the Plan occurred on April 18, 2025.

**WHEREAS**, pursuant to the terms of the Plan and Confirmation Order, all of the Debtors' Causes of Action against Defendants vested in the Liquidating Trust as of the Plan Effective Date. *See Plan* §§ XIV.F., XIV.L., and XV.B; *Confirmation Order* ¶ 11.

**WHEREAS**, on May 1, 2025, the Parties entered into a *Joint Stipulation* [Adv. Dkt. No. 9] extending the deadline for the Liquidating Trust, as successor to the Plaintiffs in this adversary proceeding, to respond to the Motion to Dismiss through July 7, 2025.

**WHEREAS**, on June 23, 2025, the Parties entered into a *Joint Stipulation* [Adv. Dkt. No. 10] extending the same deadline through August 6, 2025.

**WHEREAS**, on August 6, 2025, the Parties entered into a *Joint Stipulation* [Adv. Dkt. No. 11] extending the deadline through August 12, 2025, because they were engaged in informal settlement discussions.

**WHEREAS**, the Parties jointly request that this Court inquire that Judge Alfredo Pérez[3] conduct a mediation of this adversary proceeding on an agreed date by October 20, 2025, subject

---

[3] The Parties have not discussed this matter with Judge Pérez, including about his willingness or availability to mediate this adversary proceeding.

to Judge Pérez's availability and willingness to act as mediator, and therefore seek a further extension of the deadline for the Liquidating Trust to respond to the Motion to Dismiss until ten days after the mediation if not successful or October 30, 2025, whichever is sooner. In the event that Judge Pérez is unable to serve as mediator, the Parties will promptly present the Court with an agreed alternate mediator.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The deadline for the Liquidating Trust, as successor to the Plaintiffs in this adversary proceeding, to respond to Defendants' Motion to Dismiss, amend the Complaint or otherwise respond to the Motion to Dismiss is hereby further extended until October 30, 2025 or ten (10) days after the filing of a certificate of non-settlement, whichever is sooner, without prejudice to the Liquidating Trust's right to seek further extensions of such deadline or any other deadlines in this matter.

2. The Honorable Alfredo Pérez is appointed as mediator in the above-styled adversary proceeding, and the Parties shall participate in a mediation with Judge Pérez on or before October 20, 2025. The Parties shall jointly communicate with Judge Pérez's Courtroom Deputy regarding Judge Pérez's availability for the mediation.

3. At all times in the performance of his mediation duties, Judge Pérez will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

4. This Stipulation is made under a full reservation of rights for both Parties.

5. This Stipulation may be executed by electronic means and the printed product of such shall constitute an original of this Stipulation. This Stipulation may be executed and delivered

in any number of counterparts, each of which, when so executed and delivered, shall be and constitute an original and one and the same document.

6. This Court shall retain exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Dated: _____, 2025

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

DATED: August 12, 2025

| **PACHULSKI STANG ZIEHL & JONES LLP** | **PAUL HASTINGS LLP** |
|---|---|
| */s/ Teddy M. Kapur* | */s/ Paul R. Genender* |
| Teddy M. Kapur (SBT 24046186) | Paul R. Genender (SBT 00790758) |
| Benjamin L. Wallen (SBT 24102623) | Charles Persons (SBT 24060413) |
| 700 Louisiana Street, Suite 4500 | 2001 Ross Avenue, Suite 2700 |
| Houston, TX 77002 | Dallas, Texas 75201 |
| Telephone: (713) 691-9385 | Telephone: (972) 936-7500 |
| Facsimile: (713) 691-9407 | Facsimile: (713) 936-7501 |
| tkapur@pszjlaw.com | paulgenender@paulhastings.com |
| bwallen@pszjlaw.com | charlespersons@paulhastings.com |
| | |
| -and- | -and- |
| | |
| Richard M. Pachulski (admitted pro hac vice) | Brian J. Kay (SBT 24131427) |
| Jeffrey P. Nolan (admitted pro hac vice) | 600 Travis, 58th Floor |
| 10100 Santa Monica Blvd., 13th Floor | Houston, Texas 77002 |
| Los Angeles, CA 90067 | Telephone: (713) 860-7300 |
| Telephone: (310) 277-6910 | Facsimile: (713) 353-3100 |
| Facsimile: (310) 201-0760 | briankay@paulhastings.com |
| rpachulski@pszjlaw.com | |
| jnolan@pszjlaw.com | *Counsel to Defendants* |
| | |
| *Counsel for the KAL GUC Liquidating Trust* | |