IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KAL FREIGHT INC., *et al.,* | ) ) | Case No. 24-90614 (CML) |
| Debtors.[1] | ) ) ) | Jointly Administered |
| KAL GUC LIQUIDATING TRUST, | ) ) ) | Adversary Proceeding No. 25-03048 |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | |
| SIKANDER SINGH RANDHAWA; DHARMINDER SINGH RANDHAWA; RB REALTY INVESTMENTS, LLC; 1000798196 ONTARIO, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Sikander Singh Randhawa, Dharminder Singh Randhawa, RB Realty Investments, LLC, and 1000798196 ONTARIO, INC. (together, "**Defendants**"), by and through their undersigned counsel, respectfully submit this reply ("**Reply**") in support of their pending motion ("**Motion**") to dismiss Plaintiff KAL GUC Liquidating Trust's ("**Plaintiff**") First Amended Complaint ("**Amended Complaint**") in the above-captioned matter pursuant to Federal Rule of Civil Procedure ("**Rule**") 12(b)(6) and, in support thereof, state the matters set forth below.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

**PRELIMINARY STATEMENT**[2]

1. At its core, Plaintiff's Opposition fails to address—let alone cure—the weaknesses in the Amended Complaint as identified in Defendants' Motion. Rather than stand on the substance of the allegations in the Amended Complaint, Plaintiff's Opposition improperly injects new factual allegations, additional supporting documents, docket citations, and contextual clarifications—all of which were not included in the Amended Complaint. This is improper and should be rejected by this Court.

2. The Fifth Circuit does not permit a plaintiff to augment its pleadings in an opposition to a Motion to Dismiss. Instead, courts look to the face of the complaint itself to determine whether it contains sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. The Amended Complaint alone must therefore allege sufficient factual matter for each required element of the cause of action. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018) (citing *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006)). As set forth in the Motion, the threadbare allegations and conclusions in the Amended Complaint are insufficient to state a claim, and Plaintiff's Amended Complaint should be dismissed.

**ARGUMENT**

**I.   The Amended Complaint fails to allege "ownership" of the property, warranting dismissal of Plaintiff's Third, Fourth, and Fifth Claims for Relief.**

3. In its Third, Fourth, and Fifth Claims for Relief, respectively, Plaintiff asserts a preference claim under Section 547(b), a constructive fraudulent transfer claim under

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings given to them in Plaintiff's Opposition to Defendants' Motion to Dismiss the First Amended Complaint ("**Opposition**").

2

Section 548(a)(1)(B), and a constructive fraudulent transfer claim under Section 544(b) and California state law. *See* Amended Complaint. Each claim is predicated on a transfer of the Debtors' property and requires that Plaintiff allege ownership of the transferred property.

4. As set forth in the Motion, the Amended Complaint fails to provide non-conclusory factual allegations regarding the Debtors' ownership of the property identified in Exhibit A and Exhibit B to the Amended Complaint. In response, Plaintiff's Opposition conflates two distinct concepts: (i) identification of the transferred property that is subject to the avoidance actions; and (ii) the debtors' ownership of the property. *See* Opposition at Section I(A) (regarding sufficiency of "factual assertions identify[ing] the Debtor's property involved.").

5. As explained in the Motion, Defendants do not dispute the sufficiency of the Amended Complaint's allegations with respect to the ***identification*** of the property. This is not surprising given Defendants' current ownership of those properties, which are identified by address in the Exhibits to the Amended Complaint. The Motion is clear that the Amended Complaint is deficient because it fails to sufficiently allege the ***Debtors' ownership*** of the property. *See* Motion at 4 ("Plaintiff fails to allege facts sufficient to show that the subject of the challenged One Year Transfer was property of a debtor…"); Motion at 7 ("Plaintiff fails to allege facts sufficient to show the Debtors' ownership of the property").

6. Accordingly, the arguments presented by Plaintiff regarding identification of the property are of no moment and surplusage. For example, in Paragraph 20 of the Opposition, Plaintiff argues that "Defendants had no difficulty utilizing Exhibit B to locate and access the real property records, inasmuch as they attach the grant deed in support of the Motion." This is a red herring rebutting a position not asserted in the Motion. Defendants were, of course, able to obtain record title for the properties they own. That Plaintiff listed the address of Defendants' property

is not relevant to whether the Amended Complaint sufficiently alleges the Debtors' ownership of that property at the time of transfer.

7. Where the Opposition does address ownership, it does so with little detail. In Paragraph 3, the Opposition states that: "The FAC sets forth a detailed factual narrative, framed by specific debtors, times, dates, events, and instrument numbers[.]" Not so as to ownership by the Debtors.

8. The Amended Complaint fails to identify the "specific Debtors" associated with each of the allegations regarding the challenged properties other than by listing the transferors of each property in Exhibit A and Exhibit B of the Amended Complaint. The Amended Complaint instead uses collective defined terms that obscure the interests of each Debtor in each of the properties.

9. For example, in Paragraph 29 of the Amended Complaint, Plaintiff alleges that "the Settlement Agreement provided that various *assets of the Debtors*, including parcels of real property that *the Kal Entities* owned and held legal and/or beneficial ownership, would be conveyed from the Debtors to the Randhawas to resolve outstanding disputes with respect to their ownership interests." (emphasis added). In Paragraph 35, the Amended Complaint alleges that, at all relevant times, "*the Debtors* were holders of all beneficial and equitable ownership interests" in the Rancho Cucamonga Property, which was "held in trust for *the Debtors* as *the Debtors'* property." (emphasis added).

10. Because these allegations group the five Debtors into a single defined term and fail to provide further factual details, they raise more ownership questions than they answer.

11. Specifically:

- The Amended Complaint does not specify which of the five Debtors is alleged to hold an ownership interest in each property.

- The Amended Complaint does not explain the nature of each Debtors' alleged ownership interest in each property (*i.e.,* which interest is legal, which interest is beneficial, and which interest is equitable in nature?).

- The Amended Complaint does not present a factual or legal predicate to support the existence of the trust (or trusts) in which the properties were allegedly held.

- The Amended Complaint does not describe the structure of the trust(s), and it is not clear who is alleged to have acted as the trustee for each property and which of the five Debtors is alleged to have been the beneficiary under each trust.

12. Without this type of specific factual information, Defendants cannot be expected to prepare a defense. *See, e.g.*, *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 U.S. App. LEXIS 25914, at *1 n.1 (5th Cir. Oct. 15, 2024) (granting dismissal of a "shotgun pleading"); *Chowardy v. Ozcelebi*, 635 B.R. 467, 472 (S.D. Tex. 2021) ("[A] shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to a particular cause of action.").

13. The foregoing deficiencies are not cured by the Amended Complaint's allegation that the properties were purchased with the Debtors' funds. That too is insufficient to plead ownership. *See United States v. Rafiq*, Civil Action No. 4:16-CR-00243-O, 2017 U.S. Dist. LEXIS 109588, at *7-8 (N.D. Tex. June 26, 2017) ("Petitioner simply makes bare assertions that he is the rightful owner of the subject property, asserting that the property 'was purchased with Petitioner's funds . . . Petitioner's Petition lacks any specific facts that demonstrate his ownership, title, or interest to any of the subject property").

14. The Opposition's other attempt to address ownership is in Paragraph 12, which states: "The FAC alleges **the real property was in the name of Debtor Kal Freight, Inc.** and 'would have been part of the Debtors' estate had it not been transferred before the bankruptcy. [FAC, ¶ 57]." (emphasis added). But the Amended Complaint does not state that the real property was in the name of Debtor Kal Freight, Inc. At best, Paragraph 57 of the Amended Complaint

5

instead repeats the conclusory and non-specific allegation that the properties comprising the One Year Transfers were "the Debtors' property."

> 57. The Transfers as specified with particularity in **Exhibit A**, were the Debtors' property, within which they maintained an interest as the Debtor transferor. The Debtor transferor was the legal owner of each of the One Year Transfers, which would have been part of the Debtors' estate if not transferred before bankruptcy.

Amended Complaint ¶ 57; *see also* Amended Complaint at Ex. A (identifying "transferor"; silent as to ownership).

15. This misguided attempt to use the Opposition to inject additional factual allegations into the Amended Complaint does not bear upon the sufficiency of the Amended Complaint itself. This common tactic is routinely rejected in the Fifth Circuit. *Curtis v. Chapman Family Tr. (In re Chapman)*, 628 B.R. 512, 533 (Bankr. S.D. Tex. 2021) ("While factual allegations and analysis of the issue are included in her responsive brief, the Court will not impose arguments on to the Complaint itself, for allegations missing from the Complaint fail to provide Defendants fair notice of the claim and the grounds for it."); *see United States v. Rafiq*, Civil Action No. 4:16-CR-00243-O, 2017 U.S. Dist. LEXIS 109588, at *7-8 (N.D. Tex. June 26, 2017) (Though in his Response Petitioner references an 'addendum to ancillary hearing petition' . . . such information must be asserted in the Petition.").

16. As a final point regarding ownership, the Amended Complaint's exhibits are not sufficient to allege ownership under *Arete Creditors Litig. Tr. v. TriCounty Fam. Med. Care Grp., LLC (In re Arete Healthcare LLC)*, Nos. 19-52578-cag, 21-05079-cag, 2022 Bankr. LEXIS 322 (Bankr. W.D. Tex. Feb. 7, 2022); *see* Motion at 5. Albeit in the context of ***identification*** rather than ***ownership*** of the property, Plaintiff devotes a substantial portion of the Opposition to an

6

attempt to distinguish *Arete* based upon the number of transactions at issue in each case. Opposition at ¶¶ 9-13.

17. In Plaintiff's view, because the instant case involves "2 transfers, not 400" smaller transactions, the holding of *Arete* is inapposite. Plaintiff's reliance on an immaterial factual distinction is misguided. Chief Bankruptcy Judge Gargotta did not limit *Arete* to its facts, and the holding focuses upon the sufficiency of the plaintiff's allegations to support a claim of ownership in the transferred property—the holding does not hinge upon the number of challenged transactions.

18. At bottom, it is not a controversial proposition that a plaintiff must do more than merely say it owned the property prior to a challenged transfer. *United States v. Rafiq*, Civil Action No. 4:16-CR-00243-O, 2017 U.S. Dist. LEXIS 109588, at *7-8 (N.D. Tex. June 26, 2017) ("Bare allegations of legal title without sufficient facts do not establish a valid claim."). Because the Amended Complaint "does not allege specific facts that sufficiently demonstrate the nature and extent of [the Debtors'] right, title, or interest in the subject property," and because the Amended Complaint "fails to assert the time and circumstances of [the Debtors'] acquisition of the right, title or interest in the property," Plaintiff fails to plead the element of ownership. Accordingly, Plaintiff's Third, Fourth, and Fifth Claims for Relief should be dismissed. *Id.*

II. **The Amended Complaint fails to allege that Defendants received more than they would have under the circumstances described in Section 547(b)(5), warranting dismissal of Plaintiff's Third Claim for Relief.**

19. Section 547(b)(5) of the Bankruptcy Code requires that the challenged transfer was made such that the "creditor received more than such creditor would have received if: (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

20.     In support of its Third Claim for Relief, Plaintiff argues that the following language is sufficient to plead the preferential treatment element defined in Section 547(b)(5):

> Based on a review of the Debtors' schedules, the filed claims, the pending lawsuits and claims made therein, the One Year Transfer enabled the Defendants to receive more than the Defendants would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) the Defendants received payment on account of the debt in accordance with the provisions of the Bankruptcy Code.

Amended Complaint at ¶ 62; *see also* Opposition at ¶ 16 (quoting Amended Complaint at ¶ 62).

21.     This language, which is nearly a direct quotation of Section 547(b)(5), does not satisfy the burden to plead specific factual allegations applicable here. Indeed, nearly identical language was noted as insufficient by Chief Bankruptcy Judge Gargotta in the Western District of Texas, and the same analysis applies here:

> At a minimum, the Trust must have plead some facts in support of this element. For example, the Trust could have submitted a proposed liquidation analysis based on the Debtors' assets and liabilities. Here […] the Trust simply recited the element. Paragraph 44 states, "Transfers enabled Defendant to receive more than it would have if the Bankruptcy Case was filed as a Chapter 7 bankruptcy case, the Transfers had not been made, and the Defendant received payment to the extent of a Chapter 7 creditor as provided under the Bankruptcy Code." (ECF No. 10, at 8). Mere recitation of the element fails Rule 8.

*In re Arete Healthcare LLC*, 2022 Bankr. LEXIS 322, at *28-29.

22.     Further, the Amended Complaint's non-specific reference to "the schedules, the filed claims, the pending lawsuits and claims made therein" prior to Plaintiff's restyling of Section 547(b)(5) does not pass muster. Without more, mere references to those documents are insufficient. *See United States v. Rafiq*, Civil Action No. 4:16-CR-00243-O, 2017 U.S. Dist. LEXIS 109588, at *7-8 (N.D. Tex. June 26, 2017) ("Though in his Response Petitioner references an 'addendum to ancillary hearing petition' . . . such information must be asserted in the Petition").

8

23. In apparent recognition of this pleading defect, Plaintiff attempts to use Paragraphs 17-18 of the Opposition to expand upon the allegations in the Amended Complaint. But the standard here looks to the face of the Amended Complaint—not to the new facts injected by the Opposition. *Curtis*, 628 B.R. at 533 ("While factual allegations and analysis of the issue are included in her responsive brief, the Court will not impose arguments on to the Complaint itself, for allegations missing from the Complaint fail to provide Defendants fair notice of the claim and the grounds for it.").

24. Disregarding the factual assertions made in motions practice, the Amended Complaint is insufficient on its face. Because Plaintiff fails to plead facts sufficient to satisfy this element of its preference claim, Plaintiff's Third Claim for Relief should be dismissed.

### III. The Amended Complaint fails to allege that the Debtors received less than reasonably equivalent value in exchange for the transferred property, warranting dismissal of the Fourth and Fifth Claims for Relief.

25. To successfully plead a constructive fraudulent transfer claim under Section 548 of the Bankruptcy Code, a plaintiff must allege facts sufficient to show that the debtors were insolvent at the time of the transfer and received less than a reasonably equivalent value in exchange for the transferred properties. As set forth in Defendants' Motion, Plaintiff fails to do so. *See* Motion at 9-11.

26. In response, Plaintiff argues only that it is sufficient to allege "that the debtor received nothing in return for a transfer." *See* Opposition at 24 (citing *Perez v. Bui (In re Tenerio)*, BAP No. CC-17-1102, 2018 Bankr. LEXIS 456, 2018 WL 989691 (9th Cir. BAP 2018)). That is a correct proposition of law that does not apply here.

27. However, unlike the Opposition, the Amended Complaint does not allege that the Debtors received nothing in return for the properties. Instead, the Amended Complaint alleges that the transfers were made in connection with a settlement agreement under which the properties

9

were transferred "in exchange" for releases, the retraction of public statements regarding the Debtors' operations, and the resolution of outstanding disputes regarding the Randhawas' ownership interests. *See* Amended Complaint at ¶¶ 29-30. While an allegation that a debtor "received nothing" may be sufficient to establish a possible fraudulent transfer claim, that is not the allegation made in the Amended Complaint.

28. Where, as here, an exchange occurs, a complaint must allege the value of the exchanged goods or services to support the conclusion that such values were not equivalent. While the Amended Complaint alleges a value specific to the transferred assets, it is silent as to the value of the releases and the other aspects of the settlement. That is insufficient as a matter of law. *See Faulkner v. Lone Star Brokering, LLC (In re Reagor-Dykes Motors, LP)*, Nos. 18-50214-RLJ-11, 20-05028, 20-05038, 20-05044, 2021 Bankr. LEXIS 1643, at *11-12 (Bankr. N.D. Tex. June 18, 2021) ("A complaint that only states that the debtor received less than reasonably equivalent value does not meet the pleading standard of Rule 8. *See In re Garcia*, 494 B.R. 799, 815 (Bankr. E.D.N.Y. 2013) (dismissing constructive fraudulent transfer where the complaint did not allege the value of the exchanged goods or services but only stated that the debtor did not receive reasonably equivalent value).").

29. The court in *Crescent Resources* applied this principle to similar facts and dismissed the trustee's fraudulent transfer claim for failure to support its allegation that the debtors received less than reasonably equivalent value in exchange for the alleged transfers. *Bensimon v. Nexen Pruet, LLC (In re Crescent Res., LLC)*, No. 11-01082, 2012 Bankr. LEXIS 287, 2012 WL 195528, at *8 (Bankr. W.D. Tex. Jan. 23, 2013). There, the complaint included an attached exhibit that detailed each alleged transfer by including the invoice date, invoice amount, invoice number, payment date, payment amount, and check or wire number. Other than that identification of the

alleged transfers, the complaint stated only that: "The Debtor or Debtors identified on Exhibit B received less than reasonably equivalent value in exchange for the Transfer(s)." *Id.*

30. Here, like the insufficient complaint addressed in *Crescent Resources*, the Amended Complaint fails to provide any information related to the value of the settlement and releases exchanged for the property identified in Exhibit A and Exhibit B to the Amended Complaint. Because this is insufficient to state a claim for relief, Plaintiff's Fourth and Fifth Claims for Relief should be dismissed.

IV. **Plaintiff's breach of fiduciary duty claim fails despite Plaintiff's attempts to reinvent it in the Opposition and, therefore, Claims One and Two Fail.**

   a. <u>The Opposition underscores the insufficient particularity of allegations in the Amended Complaint.</u>

31. As to the breach of fiduciary duty claims, the Opposition's arguments underscore the lack of particularity in the Amended Complaint. For example, as discussed in Section I *supra*, Plaintiff vaguely refers to "Debtors" throughout the Amended Complaint and asserts in the Opposition that Texas law applies to its breach of fiduciary duty claims. However, "the Debtors" are comprised of five distinct entities organized under the laws of three different states.[3]

32. To the extent Plaintiff attempts to rely on the theory clarified in its Opposition that the alleged breach of fiduciary duty occurred at the level of each individual Debtor (which is unclear from a plain reading of the Amended Complaint), such reliance would render the Amended Complaint an impermissible shotgun pleading. *See Chowardy*, 635 B.R. at 472 ("[A] shotgun

---

[3] Kal Freight, Inc. (0249) is incorporated in the state of Texas. KAL Aviation LLC (2600) is organized under the laws of Delaware. KAL Partz Inc. (0139) is incorporated in the state of California. KAL Trailers & Leasing, Inc. (0840) is incorporated in the state of California. KVL Tires, Inc. (0320) is incorporated in the state of California.

11

pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to a particular cause of action.").

33. It cannot logically follow that the Amended Complaint satisfies Rule 8 where it is unascertainable from the face of it to which Debtor entity, if any, Defendants allegedly breached a fiduciary duty. *See Bauer v. AGCO Corp.*, No. SA-23-CV-00993-JKP, 2024 LEXIS 93131, at *6 (W.D. Tex. May 23, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) for the proposition that the "'unifying characteristic' of shotgun pleadings is that they fail 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests' . . . The relevant inquiry, therefore, is whether the pleading provides adequate notice of the claims alleged.")

34. Though irrelevant to the sufficiency of the Amended Complaint, Plaintiff's Opposition fares no better with respect to particularity in its arguments. Indeed, the Opposition asserts that the Amended Complaint "pleads numerous facts evidencing the Defendants control, direction and management of the Debtors affairs which create fiduciary duties." Opposition at ¶ 46. Yet, Plaintiff relies on arguments concerning a slew of legal principles—such as agency law[4]—to support its fiduciary duty claim. *Id.* ¶ 49. This again underscores the insufficiency of the allegations set forth in the Amended Complaint; indeed, Plaintiff's breach of fiduciary duty theory is indeterminable from a plain reading of the Amended Complaint.

35. Further, Plaintiff points to two proofs of claim filed by the Randhawas to once again attempt to establish the *de facto* or *de jure* partnership needed to establish a breach of some fiduciary duty. Plaintiff misreads those proofs of claim. Indeed, the proofs of claim are consistent

---

[4] Despite its presentation in the Opposition, the Amended Complaint alleges only the legal conclusion that a fiduciary relationship exists; it does not allege the fiduciary relationship was created via an unidentified principle of agency law.

with the *Declaration of Bradley D. Sharp in Support of Debtors' Chapter 11 Petitions and First Day Relief*. *See* Bankr. Dkt. No. 5. Each discusses the collaboration between the Singhs and the Randhawas in each respective Debtor entity, **not** some overarching, undocumented partnership purportedly conferring fiduciary duties onto Defendants as to "the Debtors" as a whole.

36. Even assuming that there was a *de facto* or *de jure* general partnership looming over the Debtors, directors and officers of a parent company do not owe fiduciary duties to subsidiary entities under ordinary circumstances. *U.S. Bank N.A. v. Verizon Communs., Inc.*, 761 F.3d 409, 436 (5th Cir. 2014) ("[A] corporate parent owes its wholly owned subsidiary no fiduciary duties . . . A director of a wholly-owned subsidiary . . . owes the subsidiary only the duty to manage it in the best interest of the corporate parent."). As such, even under Plaintiff's made-for-litigation partnership theory, the Amended Complaint fails to allege the existence of fiduciary duties owed by the Randhawas to any of the specific Debtors.

        b. <u>Plaintiff asserts a *Caremark* claim.</u>

37. As explained in the Motion, Plaintiff's breach of fiduciary duty claim is premised upon a *Caremark* theory of liability. Indeed, much of the language employed in the Amended Complaint dips into the well of the *Caremark* opinion itself. *Compare In re Caremark Int'l*, 698 A.2d 959, 971 (Del. Ch. 1996) (describing the failure to monitor breach of fiduciary duty theory and stating "only a sustained or **systematic failure** of the board **to exercise oversight** – such as an utter failure to attempt to assure a reasonable information and reporting exists – will establish the lack of good faith that is a necessary condition to liability") *with* Amended Complaint at ¶ 43 ("This **systematic failure of oversight** and responsibility was a breach of the duty of care, **good faith** and **oversight**."). Plaintiff may not now walk back its asserted claim in the Opposition only after realizing the weakness of its claim.

38. But even if the Court were to accept Plaintiff's argument that its breach of fiduciary duty claim does not rely on a *Caremark* liability theory, Plaintiff's claim would still fail because it relies upon the success of its avoidance claims attacking the very same transaction. *See Whitlock v. Lowe (In re Deberry)*, 945 F.3d 943, 947 (5th Cir. 2019) (a bankruptcy trustee is only entitled to a single satisfaction for avoidable transactions subject to recovery). Or, restated, Plaintiff cannot recover on its non-*Caremark* breach of fiduciary duty claim unless it succeeds on its avoidance claims, which would necessarily result in double recovery.

39. For these reasons, the Amended Complaint fails to state a claim for breach of fiduciary duty, and Plaintiff's First and Second Claims for Relief should therefore be dismissed.

## CONCLUSION

As set forth in the Motion, because the claims above serve as the predicate claims for relief underlying the remaining claims seeking recovery of the challenged transfers and subordination or recharacterization of Defendants' administrative claims, Plaintiff's Amended Complaint should be dismissed in its entirety.

DATED:  March 2, 2026                    Respectfully submitted,

                                                        **PAUL HASTINGS LLP**

By: */s/ Paul R. Genender*
     Paul R. Genender (SBT 00790758)
     Charles Persons (SBT 24060413)
     2001 Ross Avenue, Suite 2700
     Dallas, Texas 75201
     Telephone: (972) 936-7500
     Facsimile: (972) 936-7501
     paulgenender@paulhastings.com
     charlespersons@paulhastings.com

-and-

Brian J. Kay (SBT 24131427)
609 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
briankay@paulhastings.com

*Counsel to Defendants*

### Certificate of Service

I certify that on March 2, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties who have consented to electronic service.

                                                    */s/ Paul R. Genender*
                                                    Paul R. Genender