**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>KAL FREIGHT INC., ET AL.,<br><br>           Debtors.[1]<br><br>---<br><br>KAL GUC LIQUIDATING TRUST,<br><br>           Plaintiff,<br><br> vs.<br><br>SIKANDER SINGH RANDHAWA,<br>DHARMINDER SINGH RANDHAWA, RB<br>REALTY INVESTMENTS, LLC, 1000798196<br>ONTARIO, INC.,<br><br>           Defendant. | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>Jointly Administered<br><br>Adv. Proc. No. 25-03048 |

**PLAINTIFF'S REPORT IN ADVANCE OF STATUS CONFERENCE**

Plaintiff herein, the KAL GUC Liquidating Trust ("Plaintiff"), hereby files *Plaintiff's Report In Advance of Status Conference*, and represents as follows:

1.     This Adversary Proceeding was filed to, *inter alia*, avoid and recover real properties of the Debtors (the "Subject Properties") that were transferred by insiders to the Randhawa Defendants in the months prior to the Petition Date. Contrary to Defendants' statements that they made no efforts to dissipate the properties during the litigation, Defendants borrowed against a

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

California property, promptly defaulted on their loan, and are no longer paying property taxes on any of the Subject Properties. As a result of the Defendants' actions, the Subject Properties are in jeopardy.

2.     The parties attended two mediations before the Honorable Alfredo R. Perez. The first mediation occurred on October 10, 2025, and the second on December 15, 2025. The case was not resolved. On December 19, 2025, Plaintiff filed the *First Amended Complaint*.

3.     On January 23, 2026, Defendants filed a *Motion to Dismiss*, which the parties have briefed and is under submission.

4.     Plaintiff recorded lis pendens in the counties in which the Subject Properties are situated in late January 2026, and on March 6, 2026, upon learning that the Defendants had encumbered one of the Subject Properties. The object of the lis pendens is to maintain the status quo while this Adversary Proceeding is pending.

5.     On April 6, 2026, Defendants filed the *Notice of Opposition To Docket Items 20, 21, 29, 30, 31, 32, And 33 And Request For Status Conference* [Docket No. 34] (the "Notice"). The Notice asks the Court to instruct the Plaintiff to remove the lis pendens. The Defendants represent to the Court that "Defendants have not attempted to 'dissipate the value of the Subject Properties,' and there is, therefore, no evidence of imminent harm." Notice, at ¶10.

6.     This representation is false.

7.     As discussed in Plaintiff's *Response and Objection to Defendants' Notice* filed on April 14, 2026 [Docket No. 35], the Defendants blatantly dissipated the value the Subject Properties by obtaining secured loans against the properties, promptly defaulting on the mortgages securing those loans, and failing to pay property taxes.

8.  For instance, one of the Subject Properties is located at 5815 Etiwanda Avenue in Rancho Cucamonga, California (the "Rancho Cucamonga Property"). In October 2025, while the parties were engaged in mediation before Judge Perez, the Defendants took out a loan for $700,000, secured by the Rancho Cucamonga Property. The Defendants proceeded to default on the loan, resulting in the Lender[2] recording a notice of default on February 27, 2026. Counsel for the Lender and Plaintiff have exchanged a half dozen letters and emails over the last six weeks, and the Lender has refused to acknowledge that the Rancho Cucamonga Property is a Liquidating Trust Asset or remove its liens on the Subject Property. This example illustrates why lis pendens are needed, and it underscores the risk of further dissipation pending the outcome of this Adversary Proceeding.

9.  Accordingly, Plaintiff respectfully requests the entry of a scheduling order for conducting discovery such that the matter may proceed forward while the Defendants' Motion to Dismiss is under submission.

10.  Given the threat to the Subject Properties and creditors, Plaintiff requests a scheduling order be entered as follows:

    a.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be completed no later than seven (7) days from entry of the Court's Order.

    b.  All fact discovery shall be completed not later than December 1, 2026. The parties are to conduct discovery in accordance with the Federal Rules of Civil

---

[2] The Lender on the Rancho Cucamonga Property, as defined in the deed of trust, is Steven A. Lopez and Lisa C. Lopez, as to an undivided 42.86% interest; Russell C. Smith and Joan Marie Smith, Trustees of the Smith Trust dated November 11, 2002 as to an undivided 35.71% interest and Darrel P. Quast and Nancy L. Quast, Trustees of the NP Family Private Trust dated September 20, 2022, and any amendments thereto as to an undivided 14.29% interest and The Burris Family Trust dated July 28, 1993, Marilyn J. Burris Successor Trustee as to an undivided 7.14% interest.

Procedure, Federal Rules of Bankruptcy Procedure, and Local Rules of the Bankruptcy Court for the Southern District of Texas.

Dated: May 25, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Teddy M. Kapur*
Teddy M. Kapur (SBT 24046186)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX  77002
Telephone:  (713) 691-9385
Facsimile:   (713) 691-9407
tkapur@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulsi (admitted *pro hac vice*)
Jeffrey P. Nolan, *(*admitted *pro hac vice)*
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone:  310-277-6910
Facsimile:   310-201-0760
rpachulski@pszjlaw.com
jnolan@pszjlaw.com

*Counsel to Plaintiff, the KAL GUC Liquidating Trust, by and through the duly authorized Liquidating Trustee, the duly appointed successor in interest to the Debtors created pursuant to the terms of the Plan*

4918-0501-6238.9 47520.00004

4

### Certificate of Service

I certify that on May 25, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Teddy M. Kapur
Teddy M. Kapur